UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM F. PAULSON, | 4:26-CV-04023-ECS |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS |
| CITY OF SPRINGFIELD; SCOTT KOSTAL; STEVE MUELLER; CHERYL LUDENS; LARRY DIETSCH; KATELYN BURCH; DOUG MAGEE; ESTATE OF GARY LOUKOTA, | |
| Defendants. | |

Federal Rule of Civil Procedure 15(a)(1)(B) allows one amended pleading as of right "no later than . . . 21 days after service of a motion under Rule 12(b)." Defendants in this matter filed a motion to dismiss "pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6)" on February 23, 2026. Doc. 8. Twenty-one days later, on March 16, 2026, the pro se Plaintiff, rather than filing an amended complaint as of right, moved the Court for leave to do so. Doc. 12. "A document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation modified). And "courts may 'ignore the legal label that a *pro se* litigant attache[s] to a motion and recharacterize [it]' so as 'to avoid inappropriately stringent application of formal labeling requirements.'" Devine v. Walker, 984 F.3d 605, 607 (8th Cir.

2020) (quoting Castro v. United States, 540 U.S. 375, 381 (2003) (second alteration in original)). The Court recognizes that Paulson moved the Court to amend his Complaint not because it was necessary, but rather because of his unawareness of his right to amend without leave of the Court. In such situations, "the correct legal standard" remains the "'as a matter of course' language of Rule 15(a)." Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). And so, the Court grants Paulson's motion because he could have amended as of right. While Defendants believe Paulson's amendment will be futile, Doc. 15 at 1, futility does not defeat an amendment as of right. Accord Zongo v. Carver County, Civ. No. 21-1521 (NEB/BRT), 2021 WL 12142852, at *1 (D. Minn. Nov. 23, 2021) (quoting Hoke v. Lyle, 716 F. App'x 930, 931 (11th Cir. 2018) ("when the plaintiff has the right to file an amended complaint as a matter of course . . . the plain language of Rule 15(a) shows that the district court lacks the discretion to reject the amended complaint based on its alleged futility.").

Paulson's Amended Complaint supersedes his original Complaint "and renders the original [C]omplaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). Defendants' motion to dismiss the original Complaint is therefore rendered moot. See Pure Country, Inc., 312 F.3d at 956; Zongo, 2021 WL 12142852, at *1.

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint, Doc. 12, is granted. It is further

ORDERED that the Clerk of Courts shall file Plaintiff's Proposed Amended Complaint and attachment, Docs. 12-1, 12-2, as an Amended Complaint and attachment thereto. Defendants must serve an answer or responsive motion within fourteen days of the filing. Fed. R. Civ. P. 15(a)(3). It is finally

ORDERED that Defendants' Motion to Dismiss, Doc. 8, is denied as moot.

DATED this 20th day of April, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3